IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANTINO CARRERA,<br><br>    Petitioner,<br><br>  vs.<br><br>J. D. STOKES, As Acting Warden of San Quentin State Prison,*<br><br>    Respondent. | Case No. CIV. F-90-478-AWI-P<br><br><u>DEATH</u> <u>PENALTY</u> <u>CASE</u><br><br>ORDER DIRECTING RESPONDENT TO LIMIT ISSUES IN PROPOSED SUPPLEMENTAL BRIEF |

    The Court became aware in late July that Respondent J.D. Stokes, as Acting Warden of San Quentin State Prison (the "Warden") intends to file a supplemental memorandum of points and authorities in opposition to the third amended petition of Petitioner Constantino Carrera ("Carrera"). Specifically, as the result of oversight on the part of the Warden's counsel, the briefing of four claims, 87, 88, 89, and 90, were omitted from the Warden's Memorandum of Points and Authorities filed on May 16, 2005. By agreement of both parties, the Warden's supplemental points and authorities is to be filed by August 20, 2005. Carrera's traverse to the Warden's opposition is due September 15, 2005. In their agreement regarding the Warden's supplemental points and authorities, the parties foresaw no reason to adjust the filing of Carrera's traverse.

---

\* J.D. Stokes is substituted for his predecessor, Jill L. Brown, as Warden of San Quentin State Prison, pursuant to Federal Rule of Civil Procedure 25(d).

1

**Overview of the Claims to be Briefed.**

While Claim 87 addresses jury misconduct issues pertaining to guilt phase deliberations, Claims 88 and 89 address issues relative to mental health issues relevant to Carrera's conviction, death eligibility and sentence. Claim 90 Carrera alleges his trial counsel labored under multiple conflicts of interest which impaired her ability to provide constitutionally competent representation throughout Carrera's trial, from guilt through penalty phase.

**Discussion.**

As the parties are quite aware, on October 4, 2004, the Court issued a Memorandum Order granting summary judgment as to an instructional omission challenge in Claim 44 of the petition and finding entitlement to relief under prosecutorial misconduct allegations in Claims 2 and 2A. These rulings are directed to the death eligibility special circumstance findings of Carrera's jury.

The rendering of this order had the effect of eliminating from the Court's consideration any further special circumstance challenges Carrera may have as well as all penalty phase challenges. Only claims pertaining to the jury's verdict that Carrera committed *robbery* and *robbery felony murder* as to Jack and Carol Hayes remain to be litigated in these federal proceedings.

In addition to limiting the justiciable issues in the case to Carrera' robbery and robbery felony murder conviction, the Court also has addressed the attorney conflict allegations in Claim 90 of the petition. Although part of this discussion is included in the Court's July 12, 2005 order partially denying Carrera's pending discovery request, the entirety of the discussion is set forth in a request for funding. Because the Warden would not have been aware of the full

content of the funding order analysis, the pertinent, non-confidential portion of the prior discussion concerning trial counsel's alleged conflict of interest is reiterated.

Carrera alleges his trial counsel, Donnalee Mendez Huffman ("Ms. Huffman") rendered substandard representation in his case due to separate conflicts of interest. The first is derived from the fact that Ms. Huffman previously represented witness Carmen Santana in dissolution proceedings, which spanned from before the robbery-murders of Mr. and Mrs. Hayes until later that year, in December 1982. Concurrently with Ms. Huffman's representation of Ms. Santana, she also began representing Carrera, on April 27, 1982. CT-1: 43; CT-8: 18. Carrera refers to Ms. Santana as a "prosecution witness" and notes that she is the sister of the prosecution's most essential witness, Miguel Santana. Carrera complains of Ms. Huffman's divided loyalties between the Santana family and his own interests which he says prevented her from more vigorously cross examining Ms. Santana and eliciting evidence from both family members that would have been exculpating.

The second category of conflict pertains to Ms. Huffman's continued representation of Carrera even though she was distracted by serious personal financial difficulties, leading to bankruptcy proceedings, and subjected to physically violent abuse by her husband, leading to her institution of dissolution proceedings and criminal investigation of his abuse. As a result of these distractions Carrera claims Ms. Huffman did not adequately prepare for Carrera's trial, including her failure to monitor the testimony of the earlier trial of co-perpetrator Ramiro Ruiz-Gonzales ("Ruiz"), and her concomitant failure to note inconsistencies in the testimony of the same witnesses

between the two trials.  Moreover, she accepted appointment in another felony case which interrupted her preparation for Carrera's trial from October 1982 through May of 1983.  The Court is hard put to understand how Carrera perceives prejudice from Ms. Huffman's alleged conflicts.

As to her representation of Carmen Santana, the authorities cited in Carrera's February 28, 2001 points and authorities do not support the existence of a conflict.  He cites to *Cuyler v. Sullivan*, 446 U.S. 335 (1980), which involved two attorneys' concurrent representation of three defendants, with conflicting interests.  Next he cites *Glasser v. United States*, 315 U.S. 60 (1942), *superseded in part on other grounds*, which also involved an attorney's concurrent representation of two defendants with conflicting interests.  In the Eighth Circuit case of *Dawan v. Lockhart*, 31 F.3d 718 (8th Cir. 1994), the defendant's counsel previously represented a co-defendant who had pleaded guilty prior to defendant's trial.  Since the co-defendant testified at defendant's trial, and admitted that he earlier implicated defendant in the crime, the defendant's conviction was reversed on account of defense counsel's conflict of interest.  More on point is *Rosenwald v. United States*, 898 F.2d 595 (7th Cir. 1990), where defense counsel previously represented a prosecution witness and recommended that defendant plead guilty in order to avoid trial at which he would be required to cross examine his prior client (the prosecution witness).

All of these cases are distinguishable. First, unlike *Cuyler* and *Glasser*, neither Ms. Santana, nor her brother, Miguel Santana,

were actually co-defendants of Carrera.[1]  Second, unlike *Rosenwald,* there was no failure or hesitancy on Ms. Huffman's part in cross examining either Carmen or Miguel Santana.  Third, during her cross examination of Ms. Santana, Ms. Huffman elicited the nature of the prior representation, which the prosecution did not explore on re-direct.  There is no allegation or proffer that Ms. Huffman's examination of Ms. Santana resulted in the nondisclosure of exculpatory information.  Fourth, with respect to Miguel Santana, the more important witness, the record reflects that Ms. Huffman's cross examination of him was aggressive and comprehensive.  As with his sister, there is no indication from the record or any evidentiary materials appended to any state or federal pleadings that Miguel Santana withheld exculpatory evidence on account of Ms. Huffman's questioning.

The purported prejudice occasioned by Ms. Huffman's personal distractions similarly is puzzling at this stage of the proceedings. In his points and authorities, Carrera describes two categories of prejudice due to Ms. Huffman's personal distractions.  First, she failed to discover and use to Carrera's advantage inconsistencies in testimony and prosecutorial strategy between Ruiz's trial and Carrera's trial.  Second, because of the abuse she suffered at the hands of her husband, she failed to appreciate the consequences of Carrera's own abusive childhood, and failed to adequately explore a mental state defense.

---

[1] Carrera mentions that Santana was offered immunity from prosecution for his testimony, and thus was a potential co-defendant, but as the Court previously stated, the record fails to support the notion Santana was ever charged with a crime in connection with the robbery-murders of Mr. and Mrs. Hayes.  June 22, 2000 Ord., p. 26; October 4, 2004 Ord., p. 15, n. 16

1     Further legal discussion by the parties of Ms. Huffman's personal
2  or financial problems is not necessary to bring to light the
3  inconsistencies between Ruiz's and Carrera's trials.  The Court
4  already has recognized the problem and gave Carrera a favorable ruling
5  in the October 4, 2004 Memorandum Order.  With respect to Ms.
6  Huffman's failure to develop a mental defense, the Court has
7  authorized investigation and development of a mental state defense to
8  the charge of robbery based on Carrera's alleged drug use.[2]  Abuse
9  suffered by Carrera is not sufficiently relevant to such a defense to
10 warrant further discussion or development.  If Carrera is successful
11 in showing that a drug defense could have altered the outcome of his
12 guilty verdict, then relief will follow without delving into Ms.
13 Huffman's personal or financial interests.

**Admonishment.**

    The parties must bear in mind that the scope of justiciable issues has been significantly narrowed by the October 4, 2004 Memorandum Order.  Death eligibility and the death penalty are no longer under consideration by this Court.  The only issues the Court will entertain relate to Carrera's conviction of robbery and robbery felony murder.  Since the Warden is planning to file supplemental points and authorities to claims that originally embraced more that these discrete issues, he is directed to appropriately circumscribe his briefing.

IT IS SO ORDERED.

**Dated:    August 16, 2005**                    **/s/ Anthony W. Ishii**
c508d4                                      UNITED STATES DISTRICT JUDGE

---

[2] The Warden's objection to Carrera's discovery request pertinent to a mental state defense is discussed in a separate order.