1

2

3

4

5

6                 IN THE UNITED STATES DISTRICT COURT FOR THE

7                       EASTERN DISTRICT OF CALIFORNIA

8

9   CONSTANTINO CARRERA,                )    Case No. CIV. F-90-478-AWI-P
                                        )
10                  Petitioner,         )    <u>DEATH</u> <u>PENALTY</u> <u>CASE</u>
                                        )
11      vs.                             )    ORDER  GRANTING  PETITIONER'S
                                        )    REQUEST TO CONDUCT DISCOVERY
12  J. D. STOKES, As Acting Warden      )
    of San Quentin State Prison,        )
13                                      )
                    Respondent.         )
14  _____    )

15       By motion filed July 5, 2005, Petitioner Constantino Carrera

16  ("Carrera") requested leave of Court to propound document production

17  requests and serve third-party subpoenas.  On July 12, 2005, the Court

18  filed an order partially denying Carrera's request as to three of the

19  seven categories of the proposed discovery described.  The July 12,

20  2005 order further set a due date for any opposition to be filed by

21  Respondent J.D. Stokes, As Acting Warden of San Quentin State Prison

22  (the "Warden")[1] as to the remaining three categories.  The Warden

23  filed his opposition brief on August 2, 2005.  The Court grants

24  authorization for Carrera to propound discovery as set forth in this

25  Order.

26  _____

27       [1] At the time the motion was filed the warden of San Quentin
    State Prison was Jill L. Brown.  By operation of Federal Rule of Civil
28  Procedure 25(d), J.D. Stokes has been substituted in Ms. Brown place
    as Respondent in this action.

## I.   Standard for Granting Discovery.

The parties do not disagree that a habeas petitioner must show "good cause" before a district court may authorize discovery.  Rule 6(a) of the Rules Governing Section 2254 Cases provides in pertinent part: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."[2]  Good cause for conducting discovery exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 889, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969).

## II.  Categories of Documents Sought.

The four remaining categories of proposed discovery include documents relative to plea negotiations between law enforcement and others involved or thought to be involved in the crimes, the prosecutor's notes regarding jury selection, training materials of the Kern County District Attorney's Office regarding jury selection, and documents disclosing Carrera's mental health and/or drug abuse.  Each category is evaluated to determine Carrera's entitlement to discovery under the applicable standard.

### A.   Documents Relating to Plea Bargain Negotiations with Teresa Fout, Miguel Santana, and Ramiro Ruiz-Gonzales.

Carrera's description of the documents he seeks in this category is as follows:

---

[2] Amendments to the Rules Governing Section 2254 Cases became effective December 1, 2004.  Both parties cited the predecessor of this rule in their briefs.

1    All documents in the possession of the Kern County District
2    Attorney's Office, including prosecutor's files in this
     case, and in the possession of the Kern County Sheriff's
3    Office, regarding all communications and plea negotiations
     between them (and their agents and employees) and Teresa
     Fout or Mike Santana or Ramiro Ruiz and their attorneys
4    during the 14 days after Petitioner's arrest; all documents
     regarding the prosecution's decision to grant immunity,
5    whether formal or informal, to Teresa Fout and Mike
     Santana; and all documents regarding the prosecution's
6    decision to charge Petitioner, but not Ramiro Ruiz or
     Teresa Fout or Mike Santana, with special circumstances
7    and/or the death penalty.

8        Carrera argues that because he was denied conflict-free counsel

9    for the first two weeks following his arrest, he did not have an

10   opportunity to negotiate a plea agreement similar to the plea

11   agreements negotiated on behalf of Teresa Fout, Miguel Santana, and

12   co-perpetrator Ramiro Ruiz-Gonzales ("Ruiz").   The purpose of the

13   requested documents is to establish prejudice for the claim that the

14   trial court violated its duty to timely provide Carrera with appointed

15   counsel.

16       The Warden responds that good cause for the requested documents

17   is not established because even if Carrera can show a constitutional

18   violation due to delayed appointment of conflict-free counsel, a

19   proposition which the Warden does not concede, he (Carrera) cannot

20   establish that the prosecutor's failure to offer him a plea agreement

21   resulted from that delay.   The Warden points out that on the merits

22   of the claim, the more likely reason Carrera was not offered a plea

23   agreement is that he was the only adult directly implicated in the

24   murder-robbery.[3]   The Warden also supplies a declaration of the trial

25   prosecutor, Mr. Michael Vendrasco, that he has no records responsive

26

27       [3] Teresa Fout was 14 years old at the time of Carrera's and
28   Ruiz's arrests.   Ruiz was 17 years old.   Santana's connection to the
     crime was as an accessory after the fact.

1  to Carrera's request.  An additional form declaration of Harriet Tracy

2  from the Kern County Sheriff's Office is appended in which Ms. Tracy

3  states the Sheriff's Office also has no records pertaining to

4  Carrera's case.

5      Carrera is entitled to attempt to prove prejudice for his claim

6  of denial of counsel.  Although the argument that the prosecutor's

7  failure to offer a plea agreement had nothing to do with Carrera's

8  lack of representation may be a compelling argument when the Court

9  addresses the merits of the claim, it would not be proper for the

10 Court to render such a conclusion at this stage of the proceedings.

11 Similarly, the fact Mr. Vendrasco's and Ms. Tracy's declarations

12 disavow the existence of any documents responsive to Carrera's sought

13 after discovery does not address the issue entitlement.

14     Good cause exists for Carrera to seek documents relating to plea

15 negotiations with Teresa Fout, Miguel Santana, and Ruiz.

16     **B.**   **The Prosecutor's Notes Regarding Reasons for Exercising**

17         **Peremptory Challenges to Jurors with Hispanic Surnames.**

18     Carrera's description of the documents he seeks in this category

19 is as follows:

20         All documents in the prosecutor's trial file which contain
        notes, comments, or reasons for the prosecutor's decision

21         during voir dire to peremptorily challenge prospective
        jurors Mary Garcia, Manuel Estrada, Maria Carillo, Petra

22         Celedon, Lawrence Martinez and Alice Hernandez.

23     The basis for this request is that Mr. Vendrasco earlier reported

24 he does not remember the reasons for striking the named jurors and

25 thus, written notes would shed significant light on his credibility

26 and whether the strikes were in fact racially based.  The purpose of

27 the evidence is to establish prejudice for the ineffective assistance

28 of counsel claim asserted against Carrera's trial counsel for her

failure to object to Mr. Vendrasco's allegedly racially motivated jury strikes.

The Warden argues that good cause for the requested discovery does not exist because the underlying claim of ineffective assistance of counsel is without merit, as a matter of law. The Warden's reasoning is that the ineffective assistance of counsel challenge relates to defense counsel's failure to interpose an objection to Mr. Vendrasco's peremptory challenges to Hispanic jurors. He continues, there is no basis for a finding of incompetent representation on account of this failure because *Batson v. Kentucky*, 476 U.S. 79 (1986), the case on which trial counsel's alleged incompetence is predicated, was not decided until three years after Carrera's trial took place. Thus, the argument continues, it cannot be that a defense attorney is ineffective for failing to anticipate a change in the law. The Warden also supplies a declaration of the trial prosecutor, Mr. Vendrasco, that he has no records responsive to Carrera's request.

Carrera argues in his brief supporting the petition that although *Batson* was decided after Carrera's trial, his conviction was not final until 1990, and therefore the holding of *Batson* still applies to his habeas petition. He relies on *Griffith v. Kentucky*, 479 U.S. 314, 322 (1987), as the foundation for this principle. While Carrera's position would be correct were the claim at issue truly a *Batson* claim, the Court remains dubious about application of *Griffith* to this case because Carrera's claim is an ineffective assistance of counsel claim predicated on the *Batson* holding, not a free-standing *Batson* claim. The Warden's argument thus carries more weight at first blush. On further reflection, however, a flaw in the argument is exposed. That is, although *Batson* was decided three years after the completion

Carrera's trial, the case upon which *Batson* was derived, *Swain v. Alabama*, 380 U.S. 202 (1965), was decided nearly two decades earlier. Further, the California rule invalidating racially motivated peremptory challenges in *People v. Wheeler*, 22 Cal. 3d 258 (1978), predates Carrera's trial by five years.

The Court therefore finds that Carrera is entitled to pursue his ineffective counsel claim based trial counsel's failure to object to allegedly discriminatory peremptory challenges advanced by the prosecutor. Good cause for discovery of prosecutorial notes so that Carrera can prove the prejudice prong of his ineffective counsel claim is established. The Court further notes that the fact of Mr. Vendrasco's declaration disavowing the existence of any documents responsive to Carrera's request does not address the issue entitlement, and for purposes of this motion is discounted.

**C.    District Attorney Training Material Relative to Peremptory Challenges in Jury Selection.**

Carrera's description of the documents he seeks in this category is as follows:

> All educational and training materials possessed and/or utilized by the Kern County District Attorney's Office from 1973 to 1983 on the topics of peremptory challenges to jurors and peremptory challenges to minority jurors.

In his points and authorities supporting the discovery authorization request, Carrera states that District Attorney training materials of the type requested are relevant in evaluating a *Batson* claim, as instructed in *Miller-El v. Dretke*, ___ U.S. ___, ___125 S. Ct. 2317, 2339-40 (2005).

The Warden's objection to this category of documents tracks his objection to discovery of Mr. Vendrasco's notes regarding peremptory

challenges to potential jurors with Hispanic surnames, namely that the claim must fall as a matter of law.  He further argues that even were the claim cognizable, no evidence is offered that training materials, if any existed, were utilized in conjunction with his trial.  The declaration of Mr. Vendrasco, that he has no records responsive to Carrera's request, also is proffered in opposition to this discovery category.

The Court already has determined that Carrera's showing of good cause is sufficient to permit development of his ineffective counsel claim for trial counsel's failure to object to allegedly improper peremptory challenges.  Training manuals of the type described in *Miller-El* would be relevant to the prejudice prong and Carrera is entitled to discovery of those manuals.  As with the previous discovery category, the Court further notes fact of Mr. Vendrasco's declaration disavowing the existence of any documents responsive to Carrera's request does not address the issue entitlement and thus is discounted.

**D.    Documents Disclosing Carrera's Mental Health and/or Drug Abuse.**

Carrera's description of the documents he seeks in this category is as follows:

> All documents and files in the possession of the Kern County District Attorney's Office, Kern County Sheriff's Office, or any Kern County medical or mental health department or facility regarding Petitioner's mental health in the years 1982 and 1983, including, but not limited to, all records and results of any drug testing performed on Petitioner at any time during that subject period, and all notes and reports of any experts who examined or analyzed Petitioner's mental health or drug use.

The basis for discovery of mental health and or drug use/abuse documentation is to support Carrera's contention that trial counsel

1   was constitutionally incompetent for her failure to develop a mental

2   defense.  Evidence responsive to this request would assist Carrera's

3   proof of the prejudice prong.

4        The Warden maintains Carrera cannot establish the requisite

5   showing of good cause for these documents.  This follows, he argues,

6   because  Carrera's  post-crime  conduct  has  made  a  mental  defense

7   implausible and thus trial counsel's failure to raise one could not

8   have been prejudicial.  Specifically, the Warden points out that

9   Carrera intentionally and knowingly helped destroy evidence of the

10  murders, tried to silence witnesses, and insisted he was not present

11  at the scene of the crime.

12       In evaluating these arguments, the Court first observes that the

13  contention Carrera "tried to silence witnesses" appears to be an

14  overstatement of the record.  While the Court is aware evidence in the

15  record demonstrates Carrera attempted to influence the testimony of

16  friends and family members about his and Teresa Fout's relative

17  culpability and that he apparently was involved in a jail altercation

18  with Teresa's brother (who also was incarcerated in the Kern County

19  Jail  at  the  time  of  Carrera's  incarceration,  but  for  unrelated

20  charges),  evidence  of  attempts  to  "silence  witnesses,"  as  in

21  threatening or killing them, has escaped the Court's notice.  Second

22  although  the  Court  acknowledges  that  post-crime  conduct  can  be

23  considered in evaluating a defendant's consciousness of guilt, the

24  fact that Carrera tried to deflect responsibility for his part in the

25  crimes after he was apprehended is not conclusive that he may not have

26  suffered some sort of mental disability negating the mens rea for

27  robbery.

28

1    Carrera has established good cause for purposes of discovering

2  institutional records pertaining to his mental illnesses or drug

3  abuse.   The fact of Mr. Vendrasco's and Ms. Tracy's declarations

4  disavowing the existence of any documents responsive to this discovery

5  category does not address the issue entitlement.

6  **III. Order.**

7    For each of the four categories of documents described above,

8  Carrera has shown the requisite good cause to conduct discovery.   He

9  my serve a document production request on the Warden in conformance

10  with Federal Rule of Civil Procedure 34 and third-party subpoenas on

11  the non-party witnesses listed in conformance with Federal Rules of

12  Civil Procedure 34 and 45.

13    In light of Mr. Vendrasco's declaration that there are no

14  documents in the files of the District Attorney's Office responsive

15  to any of the discovery requests, it is unclear whether serving a

16  third-party subpoena on the Kern County District Attorney's Office

17  will serve any useful purpose.   The declaration of Harriet Tracy from

18  the Kern County Sheriff's Office stating the absence of records

19  pertaining to Carrera's case yields a similar conclusion regarding a

20  third-party subpoena directed to the Sheriff's Office.   The Court will

21  leave it to Carrera's litigation team to determine the appropriate

22  course of action.   The Court observes that no declaration from any

23  County mental institution has been provided, so no impediment in that

24  regard exists.

25  IT IS SO ORDERED.

26  **Dated:  August 18, 2005**              **/s/ Anthony W. Ishii**
     c508d4                          UNITED STATES DISTRICT JUDGE

27

28